

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 18, 2021

**BY EMAIL**
Steven Gary Brill
James Lee Healy
Sullivan & Brill, LLP
115 Broadway, 17th Floor
New York, NY 10006
(212) 566-1000
Steven.brill@sullivanbrill.com
james.healy@sullivanbrill.com

David S. Greenfield
Lucas Anderson
100 Lafayette Street, Suite 502
New York, NY 10013
(212) 481-9350
greenfield4defense@yahoo.com
lucasandersonlucas@gmail.com

      Re:   *United States v. Darrius Christopher and Robert Wade*
              S1 19 Cr. 875 (SHS)

Dear Counsel:

    Based on your request, this letter provides notice, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, of certain expert testimony that the Government intends to offer during its case-in-chief at trial. The Government reserves the right to call additional expert witnesses, and will promptly provide notice if the Government elects to do so.

    **I.**    **Disclosure by the Government**

    The Government hereby provides notice that it may call the following individuals, or similar witnesses, as expert witnesses at trial: (1) Special Agent Tenitris McInnis of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); (2) Investigative Analyst Reginald Donaldson, from the U.S. Attorney's Office for the Southern District of New York ("USAO"); and (3) Detective Damian Majersky of the New York City Police Department ("NYPD").

### A. Expert from ATF

The Government expects to call Special Agent McInnis from ATF, or another similar witness, to testify to her analysis of the ammunition recovered by the NYPD on approximately October 25, 2019, including her conclusion that the ammunition was manufactured outside the state of New York. Special Agent McInnis's preliminary analysis was already produced to the defendants in a document with Bates stamp number 000100. Special Agent McInnis's opinions are based on her training and experience, as well as the photographs and shell casings she analyzed. Agent McGinnis's *curricum vitae* is attached as Exhibit A, and it describes her relevant training, education, and experience.

### B. Cell Site Location Expert

The Government expects to call Investigative Analyst Reginald Donaldson from the USAO, or another similar witness, to testify about his analyses of historical cell site evidence. Investigator Donaldson is expected to explain (1) basic information about cell site technology and location data, (2) the process by which he analyzes such data to determine the approximate location of cellular telephones based on cell site connections, and (3) his findings and opinions as to the specific cellphones analyzed as part of this case and their likely proximity to the cell sites to which they connected at specific times. His opinions are based on his training, education, and experience, as well as his personal analyses of the cell site location data obtained from cellphone service providers in connection with this case. We will provide any demonstrative exhibits and reports as soon as they have been prepared.

Investigator Donaldson's *curriculum vitae* is attached as Exhibit B-1, and it describes his training, education, and experience. Exhibit B-2 also includes a list of prior cases in which Investigator Donaldson was qualified as an expert and testified regarding cell site location analyses that he performed at the USAO. Please note that the list of prior testimony is provided as a courtesy and is merely a representative sample, not a comprehensive list, of Investigator Donaldson's experience as a witness.

### C. Expert on Gangs

The Government expects to call Detective Damian Majersky of the NYPD, or another similar witness, to testify about the MacBalla set of the Bloods street gang, including, the following topics: (1) the structure and organization of the MacBallas; (2) gang rivalries that MacBallas are involved in; and (3) coded language, symbols, hand gestures, and clothing used to signify membership in the MacBallas. Detective Majersky will offer testimony relating to social media evidence in this case. Detective Majersky's *curricum vitae* is attached as Exhibit C, and it describes his relevant training, education, and experience.

The Government has identified at least one additional case in the Southern District of New York in which Detective Majersky was qualified and testified as an expert regarding street gangs. Please note that this list may not be comprehensive, and it is provided as a courtesy in the event you wish to obtain transcripts of this testimony.

- *United States v. Chandler*, 19 Cr. 867 (PAC)

### D. Additional Notice

Finally, the Government intends to offer lay testimony from one or more analysts from the NYPD's Technical Assistance Response Unit ("TARU") regarding the extraction of data from various cellphones recovered from the defendants. Although this notice is being provided in an abundance of caution, Rule 16(a)(1)(G) does not require expert disclosures under these circumstances. *See United States v. Marsh*, 568 F. App'x 15, 16-17 (2d Cir. 2014) (summary order) (finding no error in allowing lay, non-expert testimony relating to search of electronic device where witness simply "explained his training," "described" his search, and "testified to the contents of the messages retrieved from the phone"); *United States v. Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (unpublished opinion) (expert testimony not necessary where witness "simply testified to what he found on the hard drive of [defendant's] computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding").

## II. Demand for Reciprocal Discovery and Notice

In light of your request for the foregoing notice, the Government hereby requests reciprocal notice under Fed. R. Crim. P. 16(b)(1)(C). The Government also repeats its request for reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, the Government requests that you allow inspection and copying of any books, or copies or portions thereof, which are in the defendants' possession, custody or control, and which the defendants intend to introduce as evidence or otherwise rely on at trial; and that you disclose any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendants' possession or control, and which the defendants intend to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendants intend to call at trial.

Finally, pursuant to Fed. R. Crim. P. 12.1(a), the Government reiterates its demand for appropriate notice if either of the defendants intend to offer evidence relating to an alibi defense with respect to the charged counts set forth in the Indictment.

Page 4

The Government also reiterates its request that the defendants disclose prior statements of witnesses they will call to testify, including expert witnesses. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendants with 3500 material relating to Government witnesses.

Very truly yours,

AUDREY STRAUSS
United States Attorney

by: /s/ _____
Mollie Bracewell
Ryan Finkel
Assistant United States Attorneys
(212) 637-2218/6612

Enclosures