UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DARRIUS CHRISTOPHER and ROBERT WADE,

Defendants.

19-CR-875 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Ulysses Boyd appeared at the trial of this action on November 30 and December 2, 2021, without the jury present and under oath. While Boyd sat in the witness stand, the Court stated as follows:

> On November 30th, [] I signed an immunity order directing Mr. Boyd to testify in this matter. Mr. Siegel, his attorney, was there. I notified [Mr. Boyd] during that proceeding of the possible consequences of refusing to testify, including the possible imposition of monetary sanctions and incarceration for the duration of this proceeding, as well as the possibility of criminal proceedings being instituted by the Department of Justice, which themselves could possibly result in additional financial sanctions as well as incarceration.
>
> Nonetheless, Mr. Boyd refused to answer any questions that were posed to him under oath on November 30 after I issued that immunity order that were posed by the government. And I excused Mr. Boyd.

(Trial Tr. 1177.)

After recounting the events of November 30, the Court on December 2 then asked Boyd, "if you are asked questions by counsel for Mr. Wade and Mr. Christopher in this proceeding, do you intend to answer those questions?" (Trial Tr. 1178.) Boyd replied "No," and the Court stated: "I do make the finding that Mr. Boyd is in civil contempt of the order that I issued on November 30th." (*Id.*) The Court also asked Boyd whether he had had an opportunity to read the order and whether he had discussed it with his attorney, who was present at both the November 30 and December 2 proceedings. (Trial Tr. 1182.) Boyd answered both questions in the affirmative. (*Id.*)

Having found Boyd to be in contempt of the Court's immunity order, the Court proceeded to determine an appropriate sanction to attempt to coerce Boyd into complying with the Court order. Because Boyd is presently incarcerated on a 60 month sentence arising out of his commission of a narcotics offense, the Court determined that incarceration for civil contempt for the duration of the trial would likely have no coercive impact upon Boyd. (Trial Tr. 1179.)

The Court then considered imposing a fine instead of incarceration as a coercive sanction for Boyd's contempt. The Court set forth the three factors outlined by the Second Circuit in *In Re: Grand Jury Witness*: "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction and (3) the financial consequences of that sanction upon the contemptor." Trial Tr. 1179 (quoting 835 F.2d 437, 442-443 (2d Cir. 1987).

Regarding factor one, the government represented to the Court that Boyd's refusal to testify has "been substantially harmful to the government's case, the government's prosecution of this important case, this case of violence in which three people were shot." (Trial Tr. 1181.) The Court agrees with the government's contention. Regarding factor two, the Court indicated that it desires for the fine of $5,000 to have a substantial impact on Boyd, but noted that it could not predict with specificity the probable effectiveness of the sanction on convincing Boyd to comply with the Court order. (Trial Tr. 1182.) Regarding factor three, the Court heard from Boyd's counsel, who was appointed to represent Boyd pursuant to the Criminal Justice Act, that Boyd's "assets are minimal." (Trial Tr. 1179-1180.) The Court weighed these factors in determining the appropriateness of the $5,000 fine for civil contempt under *In Re: Grand Jury Witness*, 835 F.2d 437 (2d Cir. 1987).

The Court imposed the coercive civil sanction of a $5,000 fine and then asked Boyd whether he would "still refuse to answer questions under oath." (Trial Tr. 1183.) Boyd responded "Yes." (*Id.*)

Accordingly, IT IS HEREBY ORDERED that:

1. Ulysses Boyd is a recalcitrant witness under 28 U.S.C. § 1826 and is in willful contempt of court for his failure to comply with the November 30, 2021 Court order that directed Boyd to testify at this trial.
2. Ulysses Boyd shall pay a coercive civil sanction of $5,000 due to his continued civil contempt. That sanction, due immediately, shall be made to:
   U.S. District Court for the Southern District of New York
   Attn: Cashiers Office
   500 Pearl Street
   New York, NY 10007

Dated: New York, New York
       December 6, 2021

SO ORDERED:

Sidney H. Stein, U.S.D.J.

2